ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FANNY NANNY PR LLC<br>**Parte recurrida**<br><br>v.<br><br>EURO HOLDING<br>CORP.<br><br>**Parte peticionaria** | **TA2026CE00256** | *CERTIORARI*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Carolina<br><br>Caso núm.:<br>**CA2025CV03323**<br><br>Sobre:<br>Incumplimiento de<br>Contrato |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de marzo de 2026.

Comparece ante nos, Euro Holding Corp., en adelante, Euro Holding o peticionario, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante, TPI-Carolina, notificada el 30 de enero de 2026. En la misma, el Foro Recurrido declaró *"Con Lugar"* una petición de remedios urgentes.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso solicitado.

### I.

El 21 de diciembre de 2024, Euro Holding y Fanny Nanny PR, LLC, en adelante, Fanny Nanny o recurrida, suscribieron un contrato de arrendamiento, en el que la peticionaria le arrendó a la recurrida una propiedad en el Municipio de Carolina.[1] En este lugar, Fanny Nanny opera un negocio comercial de servicios a mascotas.

---

[1] SUMAC, Entrada Núm. 1.

Sin embargo, el 16 de octubre de 2025, Fanny Nanny incoó una demanda ante el TPI-Carolina por incumplimiento de contrato. Alegó que Euro Holding no le notificó sobre problemas en el sistema de acueductos. Adujo que por el agua que en el local se empoza, una representante de su negocio tuvo un accidente, que la ha obligado a incurrir en los gastos médicos de esta última. Por esta razón, solicitó que el Foro Primario dejara sin efecto el contrato entre las partes y que el peticionario sufrague los costos que su incumplimiento ha producido.

Ahora bien, las partes han estado litigando la controversia, a la cual se añadió una reconvención por el impago de cánones de arrendamiento.[2] Además, Fanny Nanny solicitó varios remedios provisionales que no le fueron concedidos, al amparo de la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V., R. 57.

Sin embargo, el 27 de enero de 2026, nuevamente, presentó una petición al amparo del precitado estatuto, titulada *"Moción en Solicitud de Remedios Urgentes"*.[3] En su escrito, sostuvo que el peticionario le solicitó desalojar el local, para llevar a cabo unas reparaciones, sin notificarle debidamente. Por ello, solicitó que el Foro Primario le ordenara a Euro Holdings a buscar métodos alternos para llevar a cabo las preparaciones, sin la necesidad de que esta abandone la propiedad arrendada.

Por su parte, el peticionario presentó una *"Oposición a Solicitud de Remedio Urgente"* el 28 de enero de 2026. Alega que sí le notificó a la recurrida que debía desalojar el local para las reparaciones. También sostiene que la recurrida se encuentra en mora hace cuatro (4) meses, por lo que incurre en incumplimiento

---

[2] SUMAC, Entrada Núm. 8.
[3] SUMAC, Entrada Núm. 51.

contractual. Concluye, pues, que los daños que sus acciones le produzcan a Fanny Nanny son auto infligidos.[4]

Así las cosas, el 30 de enero de 2026, el TPI-Carolina notificó una *"Resolución"* en la que declaró *"Con Lugar"* la petición de Fanny Nanny.[5] Razonó que el contrato entre las partes no estaba resuelto, por lo que Euro Holding no podía desalojar a la recurrida sin una orden judicial. Inconforme, el 4 de febrero de 2026, el peticionario presentó una *"Moción de Reconsideración a Resolución Bajo Regla 56"*.[6] El 5 de febrero de 2026, a quo la declaró *"No Ha Lugar"*.[7]

Por estos hechos, Euro Holding presentó el recurso que nos ocupa el 3 de marzo de 2026, y señaló los siguientes errores:

> **PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia (TPI) al emitir orden interdictal sin fundamento fáctico adecuado y sin vista previa, provocando situación de daño grave al local arrendado y a los derechos de propiedad de la parte demandada-recurrente.
>
> **SEGUNDO ERROR:** Erró el Honorable Tribunal de Primera Instancia (TPI) al emitir orden interdictal sin fijar una fianza, provocando situación de daño grave al local arrendado y a los derechos de propiedad de la parte demandada-recurrente.
>
> **TERCER ERROR:** El Honorable Tribunal de Primera Instancia (TPI) incurrió en abuso de discreción al ordenar la paralización de las obras de reparación del local arrendado de la parte demandada-recurrente, sin celebrar vista, sin fijar fianza y provocando una situación de grave daño a la propiedad y privación de derechos de la parte demandada-recurrente.

El 4 de marzo de 2026 notificamos una *"Resolución"* en la que concedimos a la parte recurrida hasta el 13 de marzo de 2026 para presentar su posición, según dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 56-57, 215 DPR ___ (2025). No

---

[4] SUMAC, Entrada Núm. 54.
[5] SUMAC, Entrada Núm. 57.
[6] SUMAC, Entrada Núm. 58.
[7] SUMAC, Entrada Núm. 59.

obstante, llegado el término concedido sin su comparecencia, procedemos a expresarnos apoyados en el expediente que obra en autos.

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 216 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón,* supra; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Allio v. Santiago Chardón,* supra; *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745

(1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Remedio Provisional

La Regla 56 de Procedimiento Civil, *supra*, establece los remedios provisionales que un demandante puede solicitar para asegurar la efectividad de una sentencia que ha obtenido a su favor o anticipa obtener. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019); *Citibank v. ACBI*, 200 DPR 724, 731 (2018); *Cacho Pérez v. Hatton Gotay*, 195 DPR 1 (2016). Para ello, *antes* o después de la sentencia, la parte reclamante podrá solicitarle al tribunal mediante moción aquel remedio que sea necesario para asegurar la efectividad de la sentencia. *Citibank v. ACBI*, supra, pág. 731. En otras palabras, el remedio provisional tiene como propósito asegurar que el demandante pueda satisfacer su acreencia. *Scotiabank de Puerto Rico v. ZAF Corporation*, supra, págs. 487-488.

Entre las medidas provisionales disponibles están "el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, *una orden para hacer o desistir de hacer cualesquiera actos específicos*, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso [...]". Véase, Regla 56.1 de Procedimiento Civil, *supra.* Véase, además, *Scotiabank de Puerto Rico v. ZAF Corporation*, supra, pág. 488; *Citibank v. ACBI*, supra, págs. 731-732; *Nieves Díaz v. González Massas*, 178 DPR 820, 840 (2010).

Asimismo, el tribunal tiene discreción para conceder o denegar el remedio provisional. *Scotiabank de Puerto Rico v. ZAF Corporation*, supra, pág. 488; *Citibank v. ACBI*, supra, pág. 732; *Nieves Díaz v. González Massas*, supra, pág. 839. Al momento de

conceder los remedios provisionales, el tribunal tomará en cuenta varios criterios; a saber: (1) que sean provisionales; (2) tengan el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar y (3) se tomen en consideración los intereses de todas las partes, según lo requiera la justicia sustancial y las circunstancias del caso. *Citibank v. ACBI*, supra, pág. 733; *Nieves Díaz v. González Massas*, supra, págs. 839-840. Lo cierto es que la limitación del tribunal es que la medida sea una razonable y adecuada para asegurar la efectividad de la sentencia que en su día recaiga. *Citibank v. ACBI*, supra, pág. 733; *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 315 (2008).

### III.

Euro Holding recurre ante esta Curia solicitando que revoquemos el dictamen que declaró con lugar el remedio urgente provisional solicitado por la recurrida, para impedirle que la desalojara para realizar unas reparaciones en la propiedad arrendada. Sostiene que esto violenta su derecho fundamental a propiedad, y en síntesis, nos solicita que, al revocar, determinemos que el desalojo contra la recurrida procede.

Si bien el asunto planteado en esta causa está contenido en las materias que consigna la Regla 52.1 de Procedimiento Civil, *supra*, ya que se trata de un remedio provisional, al amparo de la Regla 56 de Procedimiento Civil, supra, entendemos que las contenciones de la Peticionaria no se ajustan a ninguno de los criterios de la Regla 40 de nuestro Reglamento. Así, pues, evaluados los hechos particulares que informa este caso, junto a los documentos unidos al expediente, y la normativa que encausa el derecho provisional concedido por el Foro Primario, determinamos que no se justifica nuestra intervención con la actuación del foro impugnado.

La parte peticionaria no demostró que el tribunal impugnado incurriese en prejuicio, parcialidad, abuso de discreción o error craso y manifiesto. Tampoco nos ha colocado en posición para determinar que, de no intervenir, se produciría un fracaso a la justicia.

**IV.**

Por los fundamentos expuestos, *denegamos expedir el recurso.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones